IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Meta Platforms Technologies, LLC, C.S.C. Global, <br><br> Defendants. | C/A No. 4:25-cv-8217-SAL <br><br><br> **ORDER** |

    This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 9.] In the Report, the magistrate judge recommends summarily dismissing this matter because it is barred by the statute of limitations. *Id.* at 2–4. Plaintiff objects to the recommended disposition. *See* ECF Nos. 12, 15. For the reasons that follow, this court overrules his objections and dismisses this case.

**BACKGROUND AND PROCEDURAL HISTORY**

    The Report outlines the relevant facts and standards of law. [ECF No. 9.] This court incorporates those facts and standards in this order. To summarize, Plaintiff filed this action on July 23, 2025, alleging negligence and "breach of duty/gross inaction" against Defendants based on his Instagram account being compromised in 2018. *See* ECF No. 1. He claims he was alerted by Instagram on August 3, 2018, that the email address associated with his account had been changed, and he responded that he had not authorized the change. He sent more emails in 2019 and 2022 regarding the "hacking" of his account. He threatened legal action but did not ultimately file a case until July 2025.

1

The magistrate judge recommends this court summarily dismiss this case because it is time-barred. In South Carolina, the three-year statute of limitations for a negligence action begins to run "when a cause of action reasonably ought to have been discovered." *Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 740 (S.C. Ct. App. 2001.) Because Plaintiff filed suit in July 2025, well beyond the three years after the alleged injury in 2018, the claim is untimely. [ECF No. 9 at 3.] Further, the magistrate judge notes equitable tolling is unavailable here as Plaintiff has not alleged that he was reasonably diligent in pursuing judicial remedies or that some extraordinary circumstances stood in his way. *Id.*

Plaintiff objects. [ECF Nos. 12, 15.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge recommended summary dismissal of this action because it is time-barred. Plaintiff objects, arguing that his claim did not accrue until after August 2018 based on a continuing negligence theory, and that equitable tolling should apply.

Based on his own pleadings, Plaintiff's injury—related to the compromised Instagram account—first arose in 2018. The court agrees with the magistrate judge that this action, filed in July 2025, is time-barred. But Plaintiff claims Defendants' conduct was on-going and continued into 2025. [ECF No. 12 at 1.] Moreover, he sent letters to Defendants' registered agents in May and August 2023 and in June and July 2025, which went unanswered. *Id.* According to Plaintiff, "[e]ach ignored communication and failure to act constitutes a new breach of duty[,] . . . [and] the statute of limitations restarts with each negligence act or omission." *Id.* The court finds the doctrine inapplicable.

In South Carolina, courts have adopted a "continuing tort doctrine" in limited cases involving nuisance and legal malpractice. *See Silvester v. Spring Valley Country Club*, 543 S.E.2d 563, 567 (S.C. Ct. App. 2001) (citing *Sutton v. Catawaba Power Co.*, 89 S.E. 353, 353 (S.C. 1916)); *Stokes-Craven Holding Corp. v. Robinson*, 787 S.E.2d 485, 496 (S.C. 2016). Courts, however, have expressly declined to apply the doctrine to other torts. *See Harrison v. Bevilacqua*, 580 S.E.2d 109, 115 (S.C. 2003); *see also Stoneburner v. Thompson,* C/A No. 3:12-cv-3551-JFA, 2014 WL 2095160, at *5 (D.S.C. May 20, 2014) ("[I]f there is any discernible rule on the continuing tort doctrine in South Carolina, it is that the continuing tort doctrine is not generally applicable.").

Plaintiff next argues that equitable tolling should apply because he made efforts to contact Defendants for years. [ECF No. 12 at 1.] He further claims Defendants' platform is designed as a closed off system where users cannot reach real human support. *Id.* at 1–2. But Plaintiff's decision to send letters rather than timely file a lawsuit does not establish the diligence and extraordinary circumstances required for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). The court rejects Plaintiff's claim that he is entitled to equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) ("'[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))).

Plaintiff's objections are overruled, and this case is summarily dismissed as time-barred. Since the magistrate judge issued his Report, Plaintiff has filed a Motion for Entry of Default (ECF

4

No. 17) and a Motion for Early Discovery (ECF No. 18). For the reasons outlined above and in the Report, this case is subject to summary dismissal. As a result, this court dismisses those motions, as well.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 9, is adopted and incorporated. This action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion for Entry of Default (ECF No. 17) and Motion for Early Discovery (ECF No. 18) are also **DISMISSED**.

**IT IS SO ORDERED.**

September 23, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge